UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Crim. No. 06-067 (PAM/JJG)

                Plaintiff,

v.                                                                                    **ORDER**

Jerry NMN Robinson, Jr.,

                Defendant.

This matter is before the Court on Defendant Jerry Robinson's Motion to Suppress Evidence or to Continue the Trial Date. The Court denies the Motion.

Trial in this case is set for Monday, August 28, 2006. On August 18, 2006, the Government gave 1302 pages of financial information to Defendant, supplementing discovery provided in March 2006. Defendant contends that the late production contravenes a pretrial order in which Magistrate Judge Jeanne J. Graham instructed the Government to produce all discovery as required by the Federal Rules of Criminal Procedure. Defendant further avers that the untimely production will hinder his ability to prepare a defense. The Government responds that the recently produced documents were listed in a summary financial report provided to Defendant in March 2006, and that the documents supporting the report were always available for Defendant's inspection upon request.

Federal Rule of Criminal Procedure 16 requires that "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy" documents that are material to the defense, intended for use in the government's case-in-chief, or obtained from the

defendant. See Fed. R. Crim. P. 16(a)(1)(E). Federal Rule of Evidence 1006 provides: "The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place." Fed. R. Evid. 1006.

In the present case, the documents underlying the summary report were available for Defendant's inspection and copying. When Defendant's counsel asked to inspect the documents, the Government not only permitted inspection but actually produced copies of the documents. The Government breached no discovery obligations under either the Federal Rules of Criminal Procedure or the Federal Rules of Evidence. To sanction the Government for Defendant's choice not to inspect the documents would be nonsensical.

Moreover, Defendant's reliance on a Sixth Circuit case, United States v. Modena, 302 F.3d 626, 633 (6th Cir. 2002), is misplaced. There is no requirement in the Eighth Circuit that the Government affirmatively state where and when the documents can be inspected. See EEOC v. HBE Corp., 135 F.3d 543, 553 (8th Cir. 1998) ("Rule 1006 requires only that the documents underlying a summary be made available for copying or examination at a reasonable time and place unless otherwise ordered by the court."); United States v. Shyres, 898 F.2d 647, 657 n.5 (8th Cir. 1990) (approving the government's practice of simply making the documents available). The Court is satisfied that the Government's discovery practices conform to the law of this Circuit. Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Suppress Evidence or to Continue the Trial

Date (Docket No. 35) is **DENIED**, and trial will begin on Monday, August 28, 2006, at 9:00 a.m., as scheduled.

Dated: August 22, 2006

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge
