UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Crim. No. 06-067 (PAM/JJG)

                              Plaintiff,

v.                                                                                    **ORDER**

Jerry NMN Robinson, Jr.,

                              Defendant.

_____

        This matter is before the Court on the Government's request for an evidentiary

hearing.  For the reasons that follow, the Court denies the request.

        Defendant was charged by indictment with two counts: embezzlement and bank fraud.

He pled guilty to bank fraud on August 28, 2006, and the parties agreed that the Government

would seek to dismiss the embezzlement count at sentencing.  The plea agreement

specifically contemplated that the parties would differ on the amount of loss.  In the

agreement, Defendant asserted that the amount of loss was between $5,000 and $10,000, but

the Government asserted the amount was between $30,000 and $70,000.

        The United States Probation Office conducted a pre-sentence investigation and

submitted a pre-sentence report (PSR) in this matter.  The PSR states that the amount of loss

was $37,032.44: $6,180.44 to U.S. Bank resulting from the bank fraud, and $30,852.00 to

Wells Fargo resulting from the alleged embezzlement  Both parties subsequently filed

position statements on sentencing.  In its statement, the Government requested an evidentiary

hearing to establish the amount of loss as $37,032.44.  Defendant opposed the request.

The Government has not shown the relevance of any monetary loss by Wells Fargo. The charge to which Defendant pled is bank fraud.  He committed this offense as a U.S. Bank customer during the time period from October 6, 2004 to November 15, 2004.  During this time, Defendant admits he deposited thirty-seven worthless checks totaling $13,010 via ATM machines into a U.S. Bank savings account.  Thereafter, he withdrew funds from the savings account.  U.S. Bank suffered a loss of more than $6,000 as a result of the fraudulent transactions.

The monetary loss to Wells Fargo, which is the basis for the embezzlement charge, is grounded in facts entirely unrelated to the bank fraud.  Defendant began working for Wells Fargo as a bank teller in 1999 and was promoted to the lead teller in 2003.  As the lead teller, he was the only employee who knew the entire combination to the bank vault.  On September 14, 2004, Defendant abruptly left work, and other tellers audited his drawer and vault at the end of the day.  They discovered a shortage of $29,000.  Defendant never returned to work, and Wells Fargo suffered a loss of $30,852.

The Government has not explained why the loss to Wells Fargo should be included in the amount of loss for the purpose of calculating the total offense level under the Sentencing Guidelines.  Presumably, the Government seeks to include the loss under U.S.S.G. § 1B1.3 as relevant conduct, but its proposed evidence does not show that the alleged embezzlement was undertaken in preparation for the bank fraud or was part of the same course of conduct or scheme.  See U.S.S.G. § 1B1.3.

Accordingly, **IT IS HEREBY ORDERED** that the Government's request for an evidentiary

hearing is **DENIED**.

Dated: January 19, 2007

                                                   s/ Paul A. Magnuson

                                                   Paul A. Magnuson

                                                   United States District Court Judge